JOHNSON, Chief Justice,
dissents and assigns reasons.
hi respectfully dissent. In this case, Mrs. Nunez contracted with Pinnacle Homes, L.L.C. to build her home. Mr. Lenard, a state licensed residential and commercial construction contractor, is the sole member of that L.L.C. It is undisputed that Mrs. ■ Nunez’s home did not meet required elevation levels. The estimated cost to raise the house to the required base flood elevation exceeds $200,000. The majority of this court finds Mr. Lenard was not personally liable to Mrs. Nunez for his negligent or wrongful acts. I disagree.
An LLC member’s protections against personal liability is not unlimited. Ogea v. Merritt, 13-1085, 130 So.3d 888, 897 (La.12/10/13). To encourage commerce, the legislature has limited personal liability for some debts incurred or acts per *296 formed on behalf of business entities. However, this statute was not intended to shield professionals from liability for personal negligence. Regions Bank v. Ark-La-Tex Water Gardens, L.L.C., 43,604 (La.App. 2 Cir. 11/5/08), 997 So.2d 734, 740. Specifically, La. R.S. 12:1320 provides:
A. The liability of members, managers, employees, or agents, as such, of a limited liability company organized and existing under this Chapter shall at all times be determined solely and exclusively by the provisions of this Chapter.
|2B. Except as otherwise specifically set forth in this Chapter, no member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company.
C. A member, manager, employee, or agent of a limited liability company is not a proper party to a proceeding by or against a limited liability company, except when the object is to enforce such a person’s rights against or liability to the limited liability company.
D. Nothing in this Chapter shall be construed as being in derogation of any rights which any person may by law have against a member, manager, employee, or agent of a limited liability company because of any fraud practiced upon him, because of any breach of professional duty or other negligent or wrongful act by such person, or in derogation of any right which the limited liability company may have against any such person because of any fraud practiced upon it by him.
In this case, flood elevation requirements mandated that Mrs. Nunez’s home be elevated 10 feet above sea level. This requirement is confirmed on the building permit issued to Mrs. Nunez by the Cameron Parish Police Jury. The majority recognizes that “Mr. Lenard did not supervise the proper elevation of the slab before proceeding to the construction of Mrs. Nunez’s house, and did not check it himself, although he testified he would normally do so.” However, the majority finds these failures are simply breaches of the construction contract.
In my view, Mr. Lenard’s conduct goes beyond poor workmanship under the contract. Mr. Lenard owed Mrs. Nunez a duty not only to construct a home of acceptable quality, but also to ensure the home was built in compliance with the law. The record supports a finding that Mr. Lenard individually committed a negligent act by building a home in violation of the building permit issued by the Cameron Parish Policy Jury and in violation of the Flood Plain Ordinance of Cameron Parish. Mr. Lenard failed to properly calculate and/or confirm the amount of dirt that would be required to bring the property to proper grade/elevation, and failed to have an elevation shot performed after the dirt work was completed and prior to beginning | .(¡construction on plaintiffs home.
It was ultimately the responsibility of Mr. Lenard, the licensed contractor on the job, and not the homeowner to ensure the house was built in compliance with the mandated base flood elevation. The record is clear that he failed to do so. Now, due to Mr. Lenard’s negligent acts, Mrs. Nunez’s home must be raised in order to be in compliance with the flood elevation requirement.
Thus, based on the facts of this case, I would find Mr. Lenard personally liable for Mrs. Nunez’s damages resulting from his failure to build her home in compliance with the legally mandated flood elevation level.